Barbour *v.* Erwin.

P. BARBOUR and WIFE *v.* W. A. ERWIN and WIFE.

1. PLEADINGS AND PRACTICE. *Demand and notice. Defense of limitation.*
   Debts not limited in respect to payment have no *locus* or *situs*, but accompany the creditor everywhere, and authorize a demand everywhere. The law of the State where a suit is brought, no matter where the cause of action originated, must govern as to the defenses upon prescription or limitation of actions.

2. MARRIED WOMAN. *New promise.* A married woman is incapable to bind herself by a new promise to pay a note executed by her while a *feme sole.*

3. LIMITATION, STATUTE OF. *Section 3458 Code construed.* Section 3458, Code, providing that the statute of limitation shall not run in favor of a person during his absence from the State, was intended to apply to citizens of this State, and not to persons who had never been citizens or residents therein.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.    J. O. PIERCE, J.

W. M. RANDOLPH for Barbour and wife.

HUMES & POSTON for Erwin and wife.

DEADERICK, C. J., delivered the opinion of the court.

On April 11, 1879, plaintiffs brought suit in the circuit court at Memphis against defendants. The declaration avers that Erwin's wife, on May 10, 1866, being then unmarried, at Columbus, Mississippi, made her promissory note for $1,000 to plaintiff's wife, then also a single woman, payable January 1, 1867, at ten per cent. interest. It also avers that in renewal of the above described note, on May 10, 1872 (defendants, W. A. Erwin and said Georgia, having intermarried after the execution of the said $1,000 note), gave their note under seal, due January 1, 1873, for $1,600, to said Emma P., then being a single woman, and that she afterwards intermarried with plaintiff, P. Barbour. The plaintiffs aver that the note of $1,600 is due and unpaid, etc.

Defendants demurred to the declaration upon two grounds. First, that the declaration showed that defendant, Georgia, was a married woman when the note was signed, and sets up her incapacity by reason thereof to bind herself by contract. Second, that as to W. A. Erwin, the note being executed in Mississippi there is no consideration to support the contract.

The second ground of demurrer was withdrawn, and the court sustained the first ground, and thereupon, upon plaintiff's motion, he was allowed to file an amended declaration, which he did April 24, 1880. This declaration sets up as the cause of action the note

for $1,000, executed by Mrs. Erwin before her marriage, dated May 10, 1866, and payable January 1, 1867, and also recites that after this note was executed, defendants intermarried, and said Emma is still a married woman; and that plaintiffs intermarried after the execution of the note under seal of 1872, for $1,600; and that this note was given to extend the time of payment of the $1,000 note, and in acknowledgment that the $1,000 note was unpaid. Both notes were dated in Mississippi, but no place of payment was designated in either.

The defendants pleaded *nil debit* and the statute of limitations of six years, and during these transactions, being residents of Arkansas, they pleaded the statute of limitations of five years, being a statute of Arkansas applying to unsealed instruments; that the $1,600 note was taken in satisfaction and extinguishment of the $1,000 note sued on and its interest; that the husband was not liable for the *ante* nuptial debts of the wife by the laws of Mississippi, where defendants were married. Issue was taken on or replications filed to all the pleas.

The cause was tried by the circuit judge without a jury, and he rendered a judgment in favor of the defendants upon their pleas of the statute of limitations. The Referees have recommended an affirmance of the judgment, and plaintiffs have excepted.

Since the cause was brought to this court W. A. Erwin has died, his death has been suggested and proved, and the cause as to him has been allowed to abate, and it stands now against his widow alone.

Barbour *v.* Erwin.

It is argued that her signature of the $1,600 note is, in law, binding upon her as a new promise to pay the $1,000 note, and that the contracts having been made in Mississippi, the laws of that State govern, and that by those laws and her new promise, the debt is not barred, although it may be by the statutes of Tennessee, or of Arkansas, the latter State being the domicil of defendant. There is no place of payment stipulated in either note.

If the contract is payable, or to be otherwise performed where it is signed, then that is its only place. But if it be a naked promise without specifying the place of payment, then it must be demanded of the maker where he is, or at his domicil, but it would be regarded as made where it was signed: 2 Pars. on Con., 583.

All debts are payable everywhere, unless they be specially limited in respect to payment, the rule being that debts, as such, have no *locus* or *situs,* but accompany the creditor everywhere and authorize a demand upon the debtor everywhere: *Ibid,* 587.

The same author says, limitation and prescription are applied only according to the law of the forum. And if a foreigner bring an action for a debt in a State which is barred by its laws, although it would not be at home, he is bound by the law of the forum and cannot recover. The reason given is, all States make their laws of peace and have a right to determine for all who resort to their tribunals, how soon after the debt is due the creditor must claim or lose it. The law of the forum must govern on the ground "that

the whole question of limitation or prescription is one
of process and remedy, and not of right or obligation":
2 Pars. on Con., 590, 591.

The same thing was held by this court in the case
of *Estes* v. *Kyle*, Meigs' R., 40, 41, when Judge Reese
said: "With regard to the statutes of limitations, es-
pecially, there can be no doubt they are strictly questions
affecting the remedy, and not questions upon the merits,
and the suit must be brought within the period pre-
scribed by the local law or it will be barred." And
it is again declared in 3 Head, 591, 592, that the
law of the State where a suit is brought, no matter
where the cause of action may have originated, must
govern as to defenses upon prescription or limitation
of actions, citing Sto. Con. Lim., secs. 576, 577.

So that if the new note could be held to be a
valid acknowledgment and promise to pay the old
debt, this suit was not brought within six years from
the date of said promise.

But the promise which is sufficient to take the
case out of the operation of the statute has been held
by this court to be a new contract; 9 Baxt., 414;
6 Lea, 648, and cases cited. And the defendant,
Georgia, was just as incapable of binding herself to
pay the old note by such promise, as to bind herself
by the new note in which such promise is supposed
to be contained; she was a *feme covert* when the promise
was made.

But it is argued that section 2762 *b* (old Code),
section 3458 (new), which provides in effect that the
statute shall not run in favor of a person during his

absence from the State, prevents the bar in this case. We think that section was intended to apply to citizens of the State who may have left the State temporarily, and not to persons who never had been citizens or residents therein. Otherwise, section 2783 (of old), and 3480 (new), which declares an action barred in another State shall be barred here, would be nugatory, and upon the construction contended for, a creditor might live beside his debtor for twenty years, with an account or note upon him, and if the latter visited this State he might be sued and recovery had, although, in their own forum, the claim might be more than thrice barred. Such, obviously, was not the intention of the Legislature.

We are of opinion the report of the Referees was correct, and the judgment will be affirmed.