\* Railroad *v.* Hailey.

(*Nashville.*   February 7, 1895.)

Common Carrier.   *Of passengers.*

A passenger on a freight train with the conductor's permission, but knowing that he is riding in violation of the rules of the road, assumes the risks of accidents.

Cases cited and approved: Washburn *v.* Railroad, 3 Head, 638; Railroad *v.* Meacham, 91 Tenn., 428; Trotlinger *v.* Railroad, 11 Lea, 533; 81 Ill., 245; 49 Tex., 31; 76 Tex., 174; 47 N. W. Rep., 809.

FROM DAVIDSON.

Appeal from Circuit Court of Davidson County. J. W. Bonner, J.

Baxter Smith for Railroad.

E. R. Thurman, J. W. Moore, J. P. Hickman, and J. D. Wade for Hailey.

Snodgrass, Ch. J.   This is a suit for damages for injuries sustained on a freight train in Florida. There was a recovery of $1,000, and the defendant appealed in error.

The plaintiff, with others, applied, through one

_____

\*The risk assumed by a passenger on a freight train is the subject of a note to *Ohio Valley Railroad Co.* v. *Watson*, 19 L. R. A., 310.

of the party, for passage on a freight train, and was informed by the conductor that it was against the rules of the company to take passengers on that train without they had a permit from the superintendent; but, nevertheless, after so advising them, he took them on the train, and received fare from them as passengers, and they, being so advised, took passage in the caboose. This, with six other cars preceding it, was thrown from the track by a broken wheel, and the injury thus inflicted.

The Circuit Judge charged the jury that, if plaintiff obtained passage under these circumstances, he was not entitled to all the rights of a passenger; but he did not tell them just what relation the plaintiff would occupy. He also refused to charge that the defendant owed plaintiff no other duty, under these circumstances, than not to willfully or intentionally injure him.

In both respects there was error. The Judge should have said to the jury that the regulation disallowing passengers on a freight train was a reasonable one, and the conductor of such a train, in the absence of assumed or proven authority, was not to be presumed as authorized to disregard it; and if it appeared in evidence that, instead of assuming such authority, the conductor in fact told plaintiff, or his representative making the contract, that he did not have it, and the plaintiff then induced him to take plaintiff on the train, in violation of such rule, and in disregard of his obligations to the

company, he did not thereby become a passenger, or entitled to the rights of a passenger, but was a trespasser, and took the risk of injury as such. This is the law according to the great weight of authority, and, manifestly, as a matter of reason and justice.

There is no evidence in the record as to what the law of Florida is, and therefore it is presumed to be the same as our own. The rule in this, as in many other States, is that, if one take passage on a train or in a car not provided for passengers, without being advised that he is not permitted to ride on such train or car, he may recover for injuries sustained as a passenger while so riding. *Washburn* v. *Railroad Co.*, 3 Head, 638. But the rule is different if he has no right so to believe, or is informed to the contrary. *Railroad Co.* v. *Meachem*, 7 Pickle, 428; *Trotlinger* v. *Railroad Co.*, 11 Lea, 533; *Railroad Co.* v. *Brooks*, 81 Ill., 245; *Railroad Co.* v. *Moore*, 49 Texas, 31; *Railroad Co.* v. *Campbell*, 76 Texas, 174 (13 S. W. Rep., 19); *McViety* v. *Railroad Co.*, 47 N. W. Rep., 809 (Minn.).

There are cases apparently holding the contrary. The first one is a Pennsylvania decision, under which a shipper was allowed to recover damages for injuries sustained while his freight car was attached to a passenger train, though the freight agent who made the arrangement with him for such shipment told the shipper, when the application was made,

25—10 p

that a rule of the company forbade it. The passenger train, to which the car of the shipper was subsequently attached, was not then present. When it arrived, however, the freight car was attached, and it thus appears that this action was sanctioned by the freight agent of the company, and all the company's representatives on the passenger train. Under such circumstances, the shipper might well have been assumed to have participated in no wrong, and no violation of the rules of the company. He had the right to ask the freight agent to attach his car to the passenger train, and, when the agent told him that the rules of the company forbade it, he could not know that, before the arrival of the passenger train, the agent might not have obtained the requisite authority to attach it, especially as he, subsequently, with the assent of the company's representatives on the passenger train, did do so. *Railroad Co.* v. *Chenewith*, 52 Penn., 382. Two other cases cite this one with approval: *Creed* v. *Railroad Co.*, 86 Penn., 139; *Dunn* v. *Railroad Co.*, 58 Maine, 187; 4 Am. Rep., 267. But they are both cases in which the passenger does not appear (as in the case before us) to have been told that he was riding in violation of any rule of the company, and, therefore, do not fall within the rule attempted to be deduced from the first Pennsylvania case, but are properly decided under all the cases, and are in strict accord with that herein laid down. If the case in 52 Pennsylvania be, however, treated as authority there,

Railroad *v.* Hailey.

for the proposition that a recovery can be had for an injury sustained by one riding on a freight train by inducing a conductor to violate a known rule of the company, of which the conductor at the time informs him, it will not be so treated here, as it is contrary to the former holdings of this Court, and to the general current of authority.

The judgment must, therefore, be reversed and the case remanded for a new trial.