ERVIN C. HARTMAN, ADMR., *v.* MRS. BLANCH VIRGINIA DUKE *et al.**

(*Knoxville.* September Term, 1929.)

Opinion filed December 21, 1929.

---

*On law governing distribution of funds collected or recovered for negligent killing of person, see annotation in 4 L. R. A. (N. S.), 814; 8 R. C. L., 853; R. C. L. Perm. Supp., p. 2334.

E. C. HARTMAN, for complainant, appellee.

ANDREW KINCANNON, WILSON, GATES & ARMSTRONG, for defendant, appellant.

MR. JUSTICE COOK delivered the opinion of the Court.

Prentiss Hoop, a resident of the State of Mississippi, was killed in a railroad accident in the State of Arkansas.

The administrator appointed in the State of Tennessee sued in the Circuit Court of Shelby County to enforce a claim for damages, for the unlawful death of his intestate, under the statutes of Arkansas, and recovered $7500 damages.

A controversy arose among the next of kin as to the distribution of the proceeds of the suit, and the administrator, by a bill of interpleader presenting the facts, alleged that the father of his intestate was not living and the mother claimed all of the recovery by force of the Arkansas statutes; and those acting for her infant children insisted that it passed to the mother, brothers and sisters in equal parts under the statute of Mississippi, where the decedent resided and had his domicile until his death.

The chancellor overruled the demurrer filed by the guardian *ad litem,* who represented the infant defendants, and held that the mother took all of the recovery under the Arkansas statutes. The guardian *ad litem* appealed. He insists that the cause of action for the wrongful death, when realized on, became personal property and followed the usual course of distribution, as held in *Loague* v. *Railroad,* 91 Tenn., 457; *Freeman* v. *Railroad,* 107 Tenn., 340, and *Hayes* v. *Walker,* 111 Tenn., 106. And so it is urged by the guardian *ad litem* that the brothers and sisters of Prentiss Hoop are entitled to share equally with their mother and to hold otherwise would be equivalent to substituting the words "residents of the State of Arkansas" for the word "persons" appearing in the Arkansas statute. Thus inserting an unwarranted limitation in the statute contrary to the intention of the Legislature.

■ The rule observed by the chancellor does not imply the construction suggested by the insistence of the guardian *ad litem*. Although, as a rule, the succession of personal property is controlled by the law of the intestate's domicile, it does not lie beyond the power of a State to change that law. Every State may control the devolution of property and property rights within its borders, especially where the right is a creature of its own laws. *Jones* v. *Marable*, 6 Humph., 116; *McCallum* v. *Smith*, Meigs, 342.

■ The fund in controversy came to the hands of the administrator as an award of damages for the wrongful death of his intestate. The administrator is the trustee charged with the responsibility of properly distributing it. The cause of action given to the administrator was for the exclusive benefit of the next of kin of the deceased and the right of recovery was altogether dependent upon the statutes of Arkansas. While so, the action could be maintained in Tennessee in the absence of any repugnant law in our State that would forbid. 12 C. J., p. 453; *Whitlow* v. *N., C. & St. L. Ry.*, 114 Tenn., 355. The law of Tennessee, being the law of the forum, would control only the practice and procedure through which our court enforced the right given by the Arkansas statute. 17 C. J., p. 1252, par. 105.

■ While such actions are transitory, it is generally held that the disposition of the recovery is dependent upon the laws of the State giving the right of action, unless the statutes giving the right of action merely provides for the distribution of the damages as personal property belonging to the estate without limiting the benefit to a particular class. But if the benefit is limited and the mode of distribution is made an integral part of

the cause of action so that the right of recovery is dependent upon the existence of the designated beneficiaries the recovery would pass according to *lex loci delictus.* 12 C. J., p. 452, 8 R. C. L., p. 852, secs. 125, 126 and 127.

█ The Arkansas statute creating the cause of action and limiting the beneficiaries, *inter alia,* provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

"Every such action shall be brought by, and in the name of, the personal representatives of such deceased person, and if there be no personal representatives, then the same may be brought by the heirs at law of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate."

The statute controlling the devolution of property in the State of Arkansas, referred to in the last-quoted section, declares that in the absence of a will or other controlling disposition the estate of the decedent shall pass (1) to his children or the descendants of his children in equal parts; and (2) if there are no children or descendants of children, then to the father, then to the mother;

if no mother then to the brothers and sisters or their descendants in equal parts.

By the statutes of Mississippi, under which the brothers and sisters of Prentiss Hoop claim a share of the recovery, the personal estate would pass to his mother and his brothers and sisters in equal parts. The right to share in the proceeds of the recovery is not controlled by the laws of Mississippi, for by the statute of Arkansas which created the cause of action, the beneficiaries of such cause of action are specifically designated and the proceeds of the recovery must be limited to them and to them in accordance with the statute creating the right. *Coe, Admr.,* v. *Wainwright,* 4 L. R. A. (N. S.), 814, 17 C. J., p. 1227.

More could be said and numerous additional authorities could be cited to sustain the proposition that where the mode of distribution is made an integral part of the cause of action for wrongful death that distribution of the proceeds of such cause of action is controlled by the law of the place where the death occurred.

The Arkansas statute creating the law of action makes the mother, the father being dead, the exclusive beneficiary. Her beneficial interest was declared by the statute creating the right, and is not dependent upon the laws of inheritance of the domicile of the decedent.

The decree of the chancellor is without error. Affirmed.