Dixie Ohio Express Co. *v.* Butler.

(*Knoxville,* September Term, 1942.)

Opinion filed December 5, 1942.

B. H. Needham, of Knoxville, and C. A. Templeton, of Jellico, for plaintiff in error.

Howard H. Baker and W. H. Buttram, Jr., both of Huntsville, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

As administratrix of her husband, John Butler, deceased, the plaintiff, Mrs. John Butler, brought suit against the defendant, Dixie Ohio Express Company, to recover damages for the death of the deceased alleged to have been occasioned by the negligent operation of one of the defendant's trucks. There was a judgment in the circuit court in favor of plaintiff for $2,999 which was affirmed by the Court of Appeals, and this Court granted petition for *certiorari*.

The declaration alleged that the accident occurred in the State of Kentucky but it did not aver that there was any statute of that State providing a right of action for the death of one wrongfully killed at the hands of an-

other. Neither was any proof introduced to show that such a statute had been enacted in the State of Kentucky. The defendant made a motion for a directed verdict in its favor, which motion it is urged that the court below and the Court of Appeals improperly overruled owing to the defect in the declaration and the proof in the particular just mentioned. This contention of the defendant must be sustained under the authority of all our decided cases.

While our courts will entertain a suit like this based on the statute of another State, it has been uniformly held, where the injury was inflicted in another State, that the statute must be pleaded and proven. *Nashville & C. R. Co.* v. *Eakin,* 46 Tenn. (6 Cold.), 583, *Hobbs* v. *Memphis & C. R. Co.,* 56 Tenn. (9 Heisk.), 873; *Nashville & C. R. Co.* v. *Sprayberry,* 56 Tenn. (9 Heisk.), 852; *Nashville C. & St. L. Ry.* v. *Foster,* 78 Tenn. (10 Lea), 351; *Kennard* v. *Illinois Cent. R. Co.,* 177 Tenn., 311, 148 S. W. (2d) 1017, 134 A. L. R., 770, and others.

The principle of the foregoing cases is that the courts of this State do not take judicial notice of the laws of another State.

There are numerous decisions of this Court in which the cases were properly to be controlled by the laws of another State and, where the laws of that State were not proven, our Court presumed that such laws were similar to the laws of Tennessee and proceeded to enforce the rights of the parties under such presumption. This presumption has been applied in this jurisdiction to the statute laws of other States. We may refer, among other decisions, to *Bagwell* v. *McTighe,* 85 Tenn., 616, 4 S. W., 46; *Railroad* v. *Hailey,* 94 Tenn., 383, 29 S. W., 367.; *Star Clothing Mfg. Co.* v. *Nordeman,* 118 Tenn., 384,

100 S. W., 93; and *De Soto Hardwood Floor Co.* v. *Old Dominion, etc., Co.,* 163 Tenn., 532, 43 S. W. (2d), 1069.

. We have no decision in this State, however, nor are we referred to one in any other jurisdiction, where a court has presumed the existence of a statute of another State which abolished the common-law rule that the right of action of a person injured perished with his death—no decision assuming the existence and similarity of such a foreign statute to a local statute.

To indulge such presumption would be to repudiate our common knowledge, certainly as regards similarity between such foreign statute and the Tennessee statute. In *Carolina, C. & O. R. R. Co.* v. *Shewalter,* 128 Tenn., 363, 161 S. W., 1136, this Court elaborately considered statutes of various States providing a right of action for wrongful death. We noted that some of these statutes provided that damages recoverable were only such as were sustained by named dependents and beneficiaries. Other statutes, called survival statutes, provided for the recovery of such damages as the deceased, had he lived, might have obtained. Still other statutes provided for both these elements of damages. The situation has been thus described:

"At the present time there are statutes in force in nearly all the states substantially embodying the provisions of Lord Campbell's Act in so far as the right to maintain an action for wrongful death is concerned, although the provisions of the different statutes differ widely in respect of the persons entitled to maintain such action, the persons for whose benefit the action may be maintained, the time of bringing the action, the measure and elements of damages recoverable, and the distribution of the same." 16 Am. Jur., 40.

In view of these well-known differences between statutes of this kind in the different States, a presumption that such a statute of another State is similar to ours seems a presumption too violent to be indulged.

It has been expressly held by this Court in *Hartman* v. *Duke,* 160 Tenn., 134, 22 S. W. (2d), 221, that the proceeds of a recovery in our courts for wrongful death sustained in Arkansas should be distributed according to the laws of that State. The declaration in the case before us invoked the statutes of Kentucky with reference to the operation of vehicles, such as the one involved here, on the highways and proof of those statutes was made. Indeed, the recovery appears to rest on one of those statutes, which contains a restriction as to speed not prevailing in this State. So we take it that the plaintiff concedes her substantive rights herein are governed altogether by Kentucky laws. It is therefore not necessary to argue herein that this is true.

So far as we know the decisions everywhere are to the effect that in any suit for wrongful death based on the statute of another State, the injury having been inflicted in that other State, such statute must be pleaded and proven. Tiffany on Death by Wrongful Act, section 195; 17 C. J., 1283; 25 C. J. S., Death, section 70, p. 1188; 16 Am. Jur., 262.

It is suggested that this Court took judicial knowledge of the Kentucky statute providing for suit for wrongful death in *Louisville & N. R. Co.* v. *Herb,* 125 Tenn., 408, 143 S. W., 1138. That case was before the Court on demurrer and the existence of such a statute in Kentucky appeared to have been conceded. It is not amiss, however, to call attention to the fact that *Railroad* v. *Herb* was practically overruled, at least confined to its facts,

in *Sharp* v. *Cincinnati, N. O. & T. P. R. Co.*, 133 Tenn., 1, 179 S. W., 375, Ann. Cas., 1917C, 1212.

In *North Memphis Savings Bank* v. *Union Bridge & Const. Co.*, 138 Tenn., 161, 196 S. W., 492, also referred to, the only question discussed therein was the doctrine of *res ipsa loquitur*. When the Court said that the laws of Arkansas in the absence of proof would be presumed to be the same as our own, it was referring to the laws of that State dealing with the doctrine mentioned. Although the suit was brought for wrongful death in Arkansas, there was no discussion of the statute of that State giving a right of action for such wrongful death, and it may be assumed that the statute was pleaded and proven.

It may be plausibly urged that the courts of one of the States of the Union should take judicial knowledge of the laws and statutes of another State. The American Bar Association in 1937-38 recommended the adoption of a uniform statute, the first section of which provided: "Every Court of this State shall take judicial notice of the common law and statutes of every State, Territory and other jurisdiction of the United States." See Wigmore on Evidence (3 Ed.), section 2273, Vol. IX, p. 559.

Some of the States have enacted a statute like this. Tennessee has not. In the absence of a statute, we are unwilling to overturn a long line of our decisions to which we have heretofore referred. And for reasons above stated, we do not feel justified in a bare presumption that the law of another State providing an action for wrongful death is similar to the law of this State.

Other questions in the case have been satisfactorily disposed of in the opinion of the Court of Appeals.

■ The judgment cannot stand in the present plight of the pleadings and proof. Ordinarily the judgment would be reversed and the suit dismissed. Since the failure, however, to plead and prove the Kentucky statute appears to have been a mere oversight, in order to reach the merits of the case and do justice between the parties, we reverse and remand for a new trial with leave to the plaintiff to amend her declaration.

The costs of this Court will be taxed to the plaintiff below, defendant in error here.

### CONCURRING OPINION.

MR. JUSTICE CHAMBLISS delivered the concurring opinion.

I concur, with this comment:

This is a case in which the foreign statute invoked was (1) a death statute, and (2) not pleaded. Certainly, as said by Mr. Justice NEIL, in *Whitlow* v. *Nashville, C. & St. L. R. Co.*, 114 Tenn., 344, at page 348, 84 S. W. 618, 68 L. R. A., 503, "The courts of this state have the power to enforce, and constantly do enforce, rights of action granted under foreign statutes. . . . But in such cases, where the right of action is one unknown to the common law, the foreign statute must be pleaded, and the remedy prescribed by it must be pursued." Citing cases. Unless *pleaded,* the rule of proof by presumption of similarity could not be applied.

In *Hubble* v. *Morristown & Improvement Co.*, 95 Tenn., 585, 591, 32 S. W., 965, 966, where a foreign usury statute was invoked, the Court said.

"That law must be proved, since there is no presumption that the statutes of other states respecting penalties and forfeitures are similar to our own. The principle settled in *Bagwell* v. *McTighe,* 85 Tenn., [616], 618, 4 S.

W., 46, that in the absence of proof to the contrary this court will presume that the statutes of a sister state are the same as those of this state, has no application to statutes prescribing penalties or forfeitures.''

This exception was again noted in *Commission Co.* v. *Carroll,* 104 Tenn., 489, 58 S. W., 314.

For the reasons well stated in the opinion of the Chief Justice, I agree that another exception should be declared, and that rule of presumption of similarity of foreign statutes to our own should not be extended, as it has not heretofore been, to statutes providing an action for wrongful death.