McDaniel *v.* Mulvihill.

*(Knoxville,* September Term, 1953.)

Opinion filed December 11, 1953.

KEFAUVER, DUGGAN & MILLER, of Chattanogga, for plaintiff in error.

WHITAKER, HALL & HAYNES, of Chattanooga, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

On December 10, 1947, E. C. McDaniel was struck and killed by an automobile which was being driven by C. C. Mulvihill who is the defendant-in-error in this case. Both persons were residents of Mississippi, the State in which the accident occurred. In December of 1950 Mulvihill moved from Mississippi to Hamilton County, Tennessee. In June of 1952 the administratrix of McDaniel sought damages from Mulvihill for this killing by suit instituted in the Circuit Court of Hamilton County, Tennessee.

The time within which suit may be instituted in Mississippi to recover damages for a wrongful death is fixed by a general statute at six years. Code 1942, Sec. 722. Under the Tennessee statute it must be brought within one year. Code, Sec. 8595. The question presented to the Circuit Judge by Mulvihill's plea was whether the Tennessee or the Mississippi statute of limitations applied. From the judgment of the Circuit Court holding that the Tennessee statute applies the administratrix has appealed.

The two pertinent aspects of the suit are (1) the right of action and (2) the remedy. The accident having occurred in Mississippi the right of action is governed by the law of that state. *Sharp* v. *Cincinnati, N. O. & T. P. Ry. Co.*, 133 Tenn. 1, 10, 179 S. W. 375. But the suit to enforce

that right having been brought in Tennessee, the law of Tennessee applies as to the remedy, generally speaking. *Hartman* v. *Duke*, 160 Tenn. 134, 137, 22 S. W. (2d) 221.

" 'With regard to the statutes of limitations, especially, there can be no doubt they are strictly questions affecting the remedy, and not questions upon the merits, and the suit must be brought within the period prescribed by the local law or it will be barred.' And it is again declared in [*Ezell* v. *Giles*], 3 Head [583] 591, 592, that the law of the State where a suit is brought, no matter where the cause of action may have originated, must govern as to defenses upon prescription or limitation of actions, citing Sto. Con. Lim., secs. 576, 577." *Barbour* v. *Erwin*, 82 Tenn. 716, 719-720.

Nothing else appearing, it would follow from the above stated rule that the action of the Circuit Court in applying the Tennessee statute of limitations must be upheld. In this connection, the administratrix insists that the "wrongful death statute" of Mississippi, Code 1942, Sec. 1453, makes this case an exception to that rule.

The common law rule is that the right of action of a person for injuries received perishes with the death of that person. This rule has been abolished by statute in perhaps all of the States. Some of these statutes provide that the damages recoverable after the death of the injured party are those which the deceased might have recovered had he lived. A statute of this nature is called a survival statute. The Tennessee Wrongful Death Statute, Code, Sec. 8236, falls within that class. *Dixie Ohio Express Co.* v. *Butler*, 179 Tenn. 358, 361, 166 S. W. (2d) 614. The statutes of some of the other states provide, however, also for the damages sustained by specified dependents and beneficiaries of the dead person. *Dixie Ohio Ex-*

*press Co.* v. *Butler,* supra. A statute of this character is said to be one which creates a new right.

 The Supreme Court of Mississippi holds that the wrongful death statute of that state creates a new right. Based upon that fact, it is here insisted in behalf of the administratrix that the Mississippi statute of limitations of six years applies rather than the Tennessee statute of one year, since the wrongful death statute of Tennessee is only a survival statute. The case principally relied upon to support this insistence is that of *Wilson* v. *Massengill,* a case decided by United States Circuit Court of Appeals, sitting as in Tennessee. It is reported in 124 F. (2d) 666.

The statute involved in *Wilson* v. *Massengill,* supra, was the South Carolina wrongful death statute. Code S. C. 1942, Secs. 411-413. Like the Mississippi statute, it created new rights. In addition, this statute provided within its four corners for the length of time within which action might be brought to recover for the wrongful death. With reference to such a statute some courts "proceed on the theory that the limitation of time declared by the state in creating the liability is so far substantive in character that, in the true spirit of comity, it must be enforced notwithstanding that, by the policy of the forum, the action is barred; otherwise the right itself would be diminished." *White* v. *Govatos,* 1 Terry, Del., 349, 10 A. (2d) 524, 529, and annotated in 146 A. L. R. 1357. The Delaware Court refused to accept that theory saying that it "is not demanded except upon a refined and artificial logic" by which "a time limitation, is exalted into one of pure substance of the right."

It is not necessary for this Court to express any view as to the merits of the contrary views of those jurisdictions in line with the Delaware decision as opposed to

those in line with *Wilson* v. *Massengill,* supra, since there is a controlling difference between the Mississippi wrongful death statute, with which this case is concerned, and the South Carolina wrongful death statute, with which *Wilson* v. *Massengill* was concerned. The difference referred to is that the South Carolina statute creating the new right for a wrongful death includes within its four corners, as heretofore pointed out, the time within which suit may be brought to enforce the rights given by that statute. This provision is not in the Mississippi statute creating new rights for wrongful death. The time limit in Mississippi for the enforcement of this new right is simply that imposed by the Mississippi general statute of limitations.

The difference between the Mississippi and the South Carolina wrongful death statute is discussed in the text of 53 C. J. S., Limitation of Actions, Sec. 30, pp. 975-976. After pointing out the holding that when the time limitation is fixed in the wrongful death statute, (as in the South Carolina statute) such limitation will control, no matter in what forum the action is brought, then continues as follows: "However, * * * the law of the forum controls * * * where no limit of time is prescribed by the statute giving the right of action, although a limitation is imposed by the general statutes" of the foreign jurisdiction. This is the Mississippi statute. The text of 11 Am. Jur., Sec. 194, page 509, likewise so states the rule.

Among the cases cited in support of the conclusion that the law of the forum controls where no limit of time is prescribed in the statute giving the right of action there is cited the Georgia case of *O'Shields* v. *Georgia Pacific R. Co.,* 83 Ga. 621, 10 S. E. 268, 6 L. R. A. 152, and the Kentucky case of *Louisville & N. R. Co.* v. *Burkhart,* 154

Ky. 92, 157 S. W.. 18, 46 L. R. A.., N. S., 687. Other cases to this effect, as well as cases to the contrary, will be found in the annotations of 68 A. L. R. 217, and 146 A. L. R. 1356.

North Carolina has a one year statute of limitations for the commencement of an action for wrongful death. In a suit brought there based upon the cause of action created by the statute of another state whose general statute fixes a longer period of limitations, the North Carolina Court, *Tieffenbrun* v. *Flannery*, 198 N. C. 397, 151 S. E. 857, 861, started its opinion with the question as to whether such action in North Carolina based upon the law of the foreign state could be maintained after the period of limitations had run under the law of North Carolina, the forum Court. The North Carolina Court concluded with this statement which seems to go to the heart of the matter, to wit:

"At all events, it is a legislative declaration of the policy of this state, providing in express and mandatory language that no action for wrongful death shall be asserted in the courts of this state after the expiration of one year from the time of death. Certainly, it is not to be supposed that the legislative department intended to confer upon nonresidents more extensive rights in the courts than accorded to citizens of this state."

 Whether the wrongful death statute be a survival statute or one creating a new right, it is, in fact, an action based upon wrongfully bringing about the death of a person. The Tennessee General Assembly has declared its public policy to be that an action for such a death shall be instituted within one year. "In this state, as is now the case generally, the statutes of limitations are looked upon by the courts with favor as statutes of

48

repose". *City of Knoxville* v. *Gervin,* 169 Tenn. 532, 542, 89 S. W. (2d) 348, 352, 103 A. L. R. 877, "All states make their laws of peace and have right to determine for all who resort to their tribunal" as to the time within which suit may be instituted to enforce a right. *Barbour* v. *Erwin,* 82 Tenn. 716, 719. "Every nation or state must have the right to settle the time within which suits must be brought or may be litigated in its own courts". *Gassaway* v. *Hopkins,* 38 Tenn. 583, 592.

It is the opinion of this Court that the better view of the question, the one more consistent with the declared public policy of this state and with the fundamental principles upon which that policy is founded, is that the statute of limitations of the forum, Tennessee, rather than the limitation statute of Mississippi, where the cause of action arose, should be applied. Hence, the judgment of the Circuit Court will be affirmed with costs adjudged against plaintiff-in-error.