791 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT V. DANIELS, Plaintiff-Appellee
v.
MUNFORD INCORPORATED and MICHAEL HOBGOOD, Defendants-Appellants.
 85-5327
 United States Court of Appeals, Sixth Circuit.
 4/24/86
 
 REVERSED AND REMANDED
 E.D.Tenn.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
 Before: MARTIN and GUY, Circuit Judges; and REED,* District Judge.
 PER CURIAM.
 
 
 1
 Robert Daniels brought this action in federal district court for the Eastern District of Tennessee to recover for injuries he sustained in an automobile accident in Arkansas. Jurisdiction was based on diversity of citizenship between the parties. The defendants, Munford, Inc. and Michael Hobgood, filed a motion for summary judgment based on the expiration of the Tennessee statute of limitations for personal injury. The district court denied this motion both initially and on reconsideration. The case was tried to a jury, which returned a verdict for the plaintiff in the amount of $200,000.
 
 
 2
 The accident occurred on October 2, 1980, in Prairie County, Arkansas. Daniels filed this action on October 3, 1983 in federal district court in Tennessee. The relevant Tennessee statute of limitations of limitations provides in pertinent part:
 
 
 3
 Personal tort actions.--(a) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversion, seduction, breach of promise of marriage, actions and suits against attorneys for malpractice whether said actions are grounded or based in contract or tort, civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes, and action for statutory penalties shall be commenced within one year after cause of action accrued.
 
 
 4
 Tenn. Code Ann. Sec. 28-3-104. The comparable Arkansas statute of limitations reads as follows:
 
 
 5
 37-206. Actions which must be brought in three years--contracts not in writing--rent--trespass--libel--injury to goods. The following actions shall be commenced within three years after the passage of this act, or, when the cause of action shall not have accrued at the taking effect of this act, within three years after the cause of action shall accrue; first, all actions (of debt) founded upon any contract, obligation, or liability, (not under seal [and not in writing]), excepting such as are brought on the judgment or decree of some court of record of the United States, of this, or some other state; (second, all actions upon judgments rendered in any court to being a court of record;) third, all actions for arrearages of rent (not reserved by some instrument in writing, under seal;) fourth, all actions (of account, assumpsit, or on the case,) founded on any contract or liability, expressed or implied; fifth, all actions for trespass on lands, or for liables; sixth, all actions for taking or injuring any goods or chattels.
 
 
 6
 This Arkansas statute has been interpreted by the Arkansas Supreme Court as applying to all tort actions not otherwise specifically limited by law. Burton v. Tribble, 189 Ark. 58, 70 S.W.2d 503 (1934).
 
 
 7
 Federal courts, when deciding questions of conflict of laws, must follow the prevailing rules of the state in which they sit. Klaxon v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487 (1941); Myers v. Alvey-Ferguson Co., 331 F.2d 223 (6th Cir. 1964). A forum state may constitutionally apply its own statute of limitations to an action accruing in a foreign state. Wells v. Simonds Abrasive Co., 345 U.S. 514 (1953). Tennessee has chosen to follow this route, and applies its own statute of limitations to personal injury actions in which the tort occurred in another state. Sigler v. Youngblood Truck Lines, 149 F. Supp. 61 (D. Tenn. 1957); McDaniel v. Mulvihill, 196 Tenn. 41, 48, 263 S.W.2d 759 (1953).
 
 
 8
 Daniels cites to no contrary authority. The district court cited to Telecommunications, E.S. & S. Co. v. Southern T.S. Co., 518 F.2d 392 (6th Cir. 1975), in its denial of the defendants' motion for summary judgment on the limitations issue. Telecommunications correctly holds that Tennessee adheres to the traditional conflicts rule in tort actions, and applies the substantive law of the place of the wrong. Id. at 394; see also Modin v. New York Central Co., 650 F.2d 829, 836 (6th Cir. 1981). While Arkansas substantive law may be applied to these actions, the forum state's statute of limitations is considered a procedural rule. See, e.g., Mayes v. Gordon, Supp. 2, 6 & n.5 (E.D. Tenn. 1980); Cummings v. Cowan, 390 F. Supp. 1251, 1255 (N.D. Miss. 1975); see generally Annot., 21 A.L.R.2d 247, 257 (1952 & Supps. 1982 & 1985). Therefore, if the Arkansas statute of limitations had been incorporated in its substantive law concerning actions for personal injury, a different result might obtain. See Sigler, 149 F. Supp. at 65 ('The general rule is that the forum state will not follow the general statutes of limitation in the foreign state unless the matter involved is one of substantive law as distinguished from procedural law.')
 
 
 9
 As it is, however, Arkansas' applicable statute of limitations is a general one, and cannot be applied to this action. As we reverse the district court's denial of summary judgment on the limitations issue, we need not address the reasonableness of the jury's damage award. We decline to address Daniels' estoppel argument, as he relies on documents which were not made part of the record below. Fed. R. App. P. 10.
 
 
 10
 The judgment below is reversed, and the case is remanded with direction that the complaint be dismissed.
 
 
 11
 GUY, concurring.
 
 
 12
 Although I agree completely with the manner in which this appeal is being resolved, I concur specially for the purpose of stating that I would address the estoppel issue raised by the plaintiff and find it without merit.
 
 
 13
 Plaintiff's estoppel issue is predicated primarily on the fact that during the one year time period in which plaintiff had to file suit, the claims adjuster for the insurance company was still conducting negotiations with the plaintiff. However, the claims adjuster did nothing to indicate that plaintiff's personal injury claims would be resolved in a manner satsifactory to the plaintiff. Furthermore, the claims adjuster did nothing to suggest to the plaintiff that he should forbear in bringing suit. This is simply a case in which the plaintiff missed the relatively short Tennessee statute of limitations and now seeks to find some avenue to escape from the consequences of the untimely filing of his lawsuit. Plaintiff has indicated on appeal the basis of his claim of estoppel, and it is simply inadequate to toll the running of the statute.
 
 
 
 *
 Honorable Scott Reed, United States District Judge for the Eastern District of Kentucky, sitting by designation