A. JOSEPH GEIST, Respondent, v. HENRY C. BURNSTINE, Appellant, and Others, Impleaded Defendants. (Appeal No. 2.) — Order entered May 2, 1939, appointing A. Joseph Geist managing and liquidating partner of the firm of Burnstine & Geist and of the firm of Burnstine, Geist, Netter & Hirst, and of all the partnership and joint property, assets and effects of the plaintiff and the defendant Henry C. Burnstine, modified by striking from the third ordering paragraph thereof the words: " including the business and affairs of Playland Holding Corp.," and as so modified the order is affirmed, without costs. The Playland Holding Corp. is a separate entity and all its capital stock is owned by the plaintiff and the defendant Henry C. Burnstine. It was, therefore, improper to authorize and empower plaintiff as the managing and liquidating partner of the law firms to manage all the property, assets and effects of the corporation. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.

NANNY GUSTAFSON and CARL H. GUSTAFSON, Respondents, v. A-B SVENSKA AMERIKA LINIEN, Also Known as SWEDISH AMERICAN LINE, Appellant.— Action by plaintiff wife for damages for personal injuries and by plaintiff husband for loss of services, the consequence of an accident claimed to have been suffered by plaintiff wife while a passenger on a vessel of the defendant. Order denying defendant's motion to dismiss the complaint on the ground that the action was not commenced within the time limited by the contract of passage, affirmed, with ten dollars costs and disbursements, defendant to answer within ten days from the entry of the order hereon. The action was timely brought. Section 23 of the Civil Practice Act is applicable for the benefit of the plaintiffs and saves them from the consequences of having mistaken their forum when they began their first action in the Federal court, which resulted in a dismissal for want of jurisdiction. (Gaines v. City of New York, 215 N. Y. 533; Hamilton v. Royal Insurance Co., 156 id. 327.) Carswell, Johnston and Adel, JJ., concur; Lazansky, P. J., concurs as to the action of the plaintiff wife; and as to the action of the plaintiff husband, concurs in the result; Taylor, J., dissents in part with the following memorandum: I vote (1) to reverse the order appealed from and to dismiss the complaint in its phase which pleads a cause of action of the plaintiff wife; and (2) to affirm the order appealed from so far as the pleaded cause of action of the husband is concerned. As to the wife's claim, in my opinion Civil Practice Act, section 23, has no application here because in her case " a shorter limitation is prescribed by the written contract of the parties." Section 23 is a part of article 2 of the Civil Practice Act, section 10 of which article in effect excludes the wife's case from article 2. As to the husband's case, he is not bound by the provisions of the wife's contract with the defendant, including the one which thus shortens her time to sue.