HARRY L. BAKER, Respondent, *v.* MORTIMER COHN, Appellant.
First Department, May 21, 1943.

*M. Carl Levine* of counsel (*Albert Foreman* with him on the brief; *M. Carl Levine, Morgulas & Foreman,* attorneys), for appellant.

*David Haar* for respondent.

CALLAHAN, J.   In May, 1928, in the State of Florida, the plaintiff loaned $1,750 to defendant.   Plaintiff claimed that it was agreed that the money was not to be repaid until defendant was financially able to do so.   The trial court found that there was no agreement so extending the time of payment, but that the debt had matured immediately.   We find the evidence supports the trial court's decision on this question.

This brings us to the questions raised by the defenses of the New York and Florida Statutes of Limitations.   This action was commenced in July, 1942, or more than fourteen years after the cause of action accrued.   If the New York Statute of Limitations applies, this action was barred in this State in 1934 unless the statute was tolled or the cause of action saved by some statutory exception.

The plaintiff was a resident of Florida when the loan was made.   He lived in New York from 1929 to September, 1934, then returned to Florida, where he continued to reside until approximately the date when the present suit was commenced.   Defendant has resided in this State continuously during all of the period involved.

The *lex fori* ordinarily controls the applicability of statutes of limitations, for said statutes affect the remedy. (1 Wood on Limitations [4th ed.] § 8.) Therefore, though the absence of defendant from Florida may have tolled the Florida Statute of Limitations as to any action in the courts of Florida, absence from Florida would not affect the running of our statute as to an action brought in the courts of this State. (*Isenberg* v. *Rainier,* 145 App. Div. 256; *Dalrymple* v. *Schwartz,* 177 App. Div. 650; *Stern* v. *Auerbach,* 203 App. Div. 681; *Kirsch* v. *Lubin,* 131 Misc. 700, affd. 223 App. Div. 826, affd. 248 N. Y. 645.) Our Statutes of Limitations are tolled only by reason of the absence of the defendant from this State. They make no provision for any extension of time to sue by reason of the absence or nonresidence of the plaintiff. (Civ. Prac. Act, § 19.)

The plaintiff claims, and the trial court found, that the right to maintain the present action was preserved by reason of the provisions of section 23 of our Civil Practice Act. That statute provides: '' If an action is commenced within the time limited therefor, and a judgment therein is reversed on appeal without awarding a new trial, or the action is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if he dies and the cause of action survives, his representative, may commence a new action for the same cause after the expiration of the time so limited and within one year after such a reversal or termination. This section also applies to the workmen's compensation law.'' (Amd. L. 1930, ch. 327, eff. April 4.)

It was held by the trial court that an action on the same cause which plaintiff commenced in the Florida courts in September, 1936, and which was terminated in July, 1941, when service of process made on defendant in that suit was quashed, extended plaintiff's time to sue in this State until July, 1942, and thus the present action was timely. The trial court ruled that the quashing of service was, in effect, a dismissal for lack of jurisdiction, and that, under the authority of *Gaines* v. *City of New York* (215 N. Y. 533), such a dismissal was one contemplated by section 23 of the Civil Practice Act.

Our view is that this action was not saved by what occurred in the Florida courts. Assuming that the action brought in Florida was one within the contemplation of section 23 of our Civil Practice Act and that it was effectually commenced, we find that, as the bar of our Statute of Limitations was complete when the Florida action was brought in 1936, the bringing

of that action did not effect any extension of time to sue in this State under section 23.

Historically, the extension of one year's time granted by section 23 of our Civil Practice Act to renew an action which was timely brought but which has been dismissed, is said to be an outgrowth of the ancient common-law rule of "journey's account." In the beginning, at common law, a period was allowed to permit a party, whose action had abated for matter of form, a reasonable time within which to journey to court to sue out a new writ. "Such renewed suit was but a continuance of that which had abated, and of necessity was in the same court, against the same parties, and for the same cause of action." (37 C. J., Limitation of Actions, § 526, and cases cited.) This common-law rule has been replaced in most States by statutes giving a similar reprieve. The object which such statutes have sought to accomplish is to aid those cases where suit had been timely brought by a diligent creditor but the merits of the actions had failed to be tried through no choice of the creditor, and the period of limitations had become complete during the pendency of the suit. (*Jackson* v. *Oil and Gas Co.,* 115 Kan. 386.)

Our attention has been called to no case where a suit in a foreign State, brought after the period of limitation fixed by the law of the forum had expired, has been held to revive a suit already outlawed in the forum. It is our view that such a rule has been erroneously applied here.

In September, 1936, defendant visited Florida to be a witness in litigation pending there. He was served with process in a suit for the same cause now sued on. This service was quashed in 1941 because defendant was held to be immune from the service of process at the time it was made. The trial court has held that the quashing of service in Florida gave plaintiff a year from the time such action was taken to commence a new suit in this State, although the period of limitation applicable in this State had expired, not while the Florida suit was pending, but long before it was commenced. This is a far cry from the right of "journey's account" afforded to permit a diligent creditor who sued in time, to renew the same cause of action in the same court. We should find express statutory requirement for such procedure before we revive a stale claim on such a theory. If the trial court's ruling is correct, then the New York Statute of Limitations would never adequately protect a resident of this State from suit in this State on a cause of action which arose in another State. Although our

courts have been liberal in granting additional time to sue under section 23, when a diligent suitor has mistaken his forum, they have never gone so far in interpreting the section as to revive a cause of action already outlawed. Our courts have said that a suit in the Federal courts on the same cause will serve to extend the time to sue in our State courts. (*Park & Pollard Co.* v. *Industrial Fire Ins. Co.*, 197 App. Div. 671; see, also, *Gustafson* v. *A-B Svenska Amerika Linien*, 258 App. Div. 734), but in these cases the bar of our Statute of Limitations became complete while the action was pending in the Federal courts, and a diligent creditor was being protected. Whether we would under any circumstances construe section 23 to apply to a suit brought in a sister State, we do not need to decide. The courts of other States have refused to do this. (*Herron* v. *Miller*, 96 Okla. 59; *Jackson* v. *Oil and Gas Co., supra.*) At least we feel certain that if our courts ever go so far as to include actions in foreign jurisdictions as within section 23, they will not apply the rule so as to revive a cause of action which had been outlawed in the forum before suit had been commenced in the foreign State. Our public policy has been to give our residents the benefit of the shortest period of limitation applicable. (Civ. Prac. Act, § 13; *National Surety Co.* v. *Ruffin*, 242 N. Y. 413.)

The courts of this State were open to plaintiff during the six years following the date on which this cause of action accrued. He was a resident here for a large part of that time. He then moved to Florida. If he saw fit to wait until the debtor came within the latter State in order to sue, then he could not alter the effect of our statute by such procedure.

Having determined that the statute of this State is a bar, even if the Florida action was properly commenced, it is unnecessary to consider the second contention raised by appellant, to wit, that the quashing of service in Florida was not a dismissal for want of jurisdiction as was the case in *Gaines* v. *City of New York* (*supra*), but was the same as if no service had ever been attempted. (See *Erickson* v. *Macy*, 236 N. Y. 412; *Murray* v. *Hawkins*, 144 Ga. 613; *Knox* v. *Beckford*, 167 Misc. 200, affd. 258 App. Div. 823, affd. 285 N. Y. 762.)

While we disagree with the views of the trial court in overruling the defense of the New York Statute of Limitations, we find that the evidence supports its views in dismissing the counterclaim.

The judgment, insofar as it awards plaintiff recovery of $3,402.55 against the defendant, should be reversed, with costs

to the appellant, and the complaint dismissed; insofar as it dismisses the counterclaim on the merits, the judgment should be affirmed.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment insofar as it awards plaintiff recovery of $3,402.55 against the defendant unanimously reversed, with costs to the appellant, and the complaint dismissed; insofar as it dismisses the counterclaim on the merits, judgment affirmed. Settle order on notice.