**Ann V. SIGLER**
v.
**YOUNGBLOOD TRUCK LINES, Inc.**
**Ralph J. SIGLER**
v.
**YOUNGBLOOD TRUCK LINES, Inc**
Civ. Nos. 3119, 3120.

United States District Court
E. D. Tennessee, N. D.
Feb. 11, 1957.

Wilson & Joyce, Oak Ridge, Hodges & Doughty, Knoxville, for plaintiffs.

Stuart F. Dye, Andrew Johnson, Kramer, Dye, McNabb & Greenwood, Knoxville, for defendant.

ROBERT L. TAYLOR, District Judge.

These suits grew out of a motor vehicle accident that occurred in Kentucky on September 3, 1955 in which a Pontiac automobile, owned by Ralph Sigler, and a tractor-trailer unit, owned by the defendant, were involved. Ann Sigler, wife of Ralph Sigler, was a guest in her husband's automobile and sues for personal injuries allegedly sustained in the accident. Ralph Sigler, the driver of the automobile, sues for damages to his car, loss of services of his wife and for medical and hospital expenses incurred on account of her injuries.

Defendant has filed identical motions for dismissal in each case, based on T.C. A. §. 28–304, which provides that "actions for * * * injuries to the person * * * shall be commenced within one (1) year after cause of action accrued."

Suits were instituted by the same parties against the same defendant in the United States District Court at Asheville, North Carolina, on August 31, 1956, and voluntary non-suit entered in that court on October 29, 1956.

The present suits in this Court were instituted on October 29, 1956, or more than one year from the date of the accident.

Plaintiffs claim that the Tennessee one-year statute of limitations is not a bar to their suits because, (a) Tennessee courts will look to the saving statute of North Carolina which permits the re-institution of an action within one year from the date of non-suit; (b) the one-year non-suit statute of Tennessee applies to suits instituted in foreign states, and (c) the one-year statute of limitations of Tennessee was tolled from the date of the death of defendant's statutory agent in Tennessee which was several months prior to September 3, 1956, within the meaning of Sec. 28–112, T.C.A.

Suits for personal injuries must be instituted within one year from the date the cause of action accrues under the Kentucky statutes. KRS 413.140 (2516, 2517, 2553).

If a suit is filed in a Kentucky court and dismissed for lack of jurisdiction, another suit may be instituted within 90 days of the judgment of dismissal. KRS 413.270 (2545).

It is to be noted that the foregoing Kentucky statute expressly provides.

for the suit to be instituted in a *Kentucky court* before the 90-day extension statute becomes effective. It thus appears that plaintiffs' suits would be barred in Kentucky under the one-year statute of limitations of that state. But the fact that the suits are barred in Kentucky does not necessarily mean that they are barred in Tennessee. Fowler v. Herman, Tenn., 1956, 292 S.W.2d 11.

The Tennessee non-suit statute is unlike the Kentucky statute in that it does not specifically provide for a suit to be instituted in Tennessee for the statute to become effective. T.C.A. § 28–106. The same is true with respect to the North Carolina non-suit statute. G.S.N. C. § 1–25.

A cause of action that is barred in the lex loci state is barred in Tennessee if the bar became complete during the defendant's residence in such state.

"Application of foreign statutes. —Where the statute of limitations of another state or government has created a bar to an action upon a cause accruing therein, while the party to be charged was a resident in such state or such government, the bar is equally effectual in this state." T.C.A. § 28–114.

The foregoing statute does not apply unless the bar became complete while the party to be charged was a resident of the foreign state. Kempe v. Bader, 1887, 86 Tenn. 189, 6 S.W. 126.

Defendant says that plaintiffs were residents of Kentucky to the extent that service of process could be had upon them under the Kentucky non-resident motor statute.

"Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within state shall, by such acceptance and by the operation of such motor vehicle within this state, make the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved." KRS 188.020.

The Appellate Courts of Kentucky have held that non-residents may sue under the provisions of the foregoing statute. Hoagland v. Dolan, 259 Ky. 1, 81 S.W.2d 869.

The parties have not cited any Tennessee or Kentucky cases holding that the above quoted Kentucky statute makes the defendant a resident of Kentucky so as to create a bar to a suit in Tennessee as provided in the above quoted section 28–114. The Court is of the opinion that section 28–114, T.C.A., is not controlling of the instant cases because of the Kentucky one-year statute of limitations for the reason that the defendant was not a resident of Kentucky at the time of the accident and at the time plaintiffs' suits became barred in Kentucky. KRS 413.140.

The Appellate Courts of Kentucky have held that the general statutes of limitation of Kentucky are procedural. Mutual Trust & Deposit Co. v. Boone, Ky.1954, 267 S.W.2d 751.

The one-year North Carolina non-suit or saving statute is as follows:

"If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or arrest of judgment, if the cost in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought in forma pauperis." Sec. 1–25. G.S.N.C.

This statute did not preserve plaintiffs' right to re-institute their suits in Tennessee because the Tennessee statutes do not so provide and a foreign statute of this character does not have extra-territorial effect. The giving effect to such a statute in Tennessee would be putting North Carolina in the position of fixing the statute of limitations for Tennessee. The general rule is that the forum state will not follow the general statutes of limitation in the foreign state unless the matter involved is one of substantive law as distinguished from procedural law. Cauley v. S. E. Massengill Co., D.C., 35 F.Supp. 371; Hutto v. Benson, D.C.Tenn.1953, 110 F.Supp. 355; and 6 Cir., 1954, 212 F.2d 349. Also Gassaway v. Hopkins, 1858, 38 Tenn. 583.

Plaintiffs insist that the filing of the North Carolina suits within one year from the date of the accident and the entry of a voluntary non-suit in those cases gave them the right to re-institute the suits in this Court at any time within one year from the entry of the non-suit orders in the United States District Court in Asheville, North Carolina. This insistence is based on the Tennessee non-suit statute which is as follows:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representative and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest." T.C.A. § 28-106.

The prevailing rule is that general statutes of limitation which do not include substantive law are governed by the law of the forum. Stumberg, Conflict of Laws (1937); Goodrich, Conflict of Laws (1949 Third Ed. p. 240) and

the Restatement of Conflict of Laws, sec. 604.

If the foreign statute creates the right and limits the enforcement of the right to a specified time, the law of the place where the wrong was committed usually applies. Stumberg, pp. 143–144; Goodrich, pp. 242–245; American Jurisprudence, Conflict of Laws, secs. 193–194; and Restatement of Conflict of Laws, sec. 605.

Tennessee is in accord with the rule that a general statute of limitations is procedural and is controlled by the law of the forum. McDaniel v. Mulvihill, 1953, 196 Tenn. 41, 48, 263 S.W.2d 759.

Plaintiffs cite and rely upon a number of cases to support their contention that the filing of suits in North Carolina served to toll the one-year statute of limitations in Tennessee. The first case cited is that of Momand v. Universal Film Exchanges, Inc., 1 Cir., 172 F.2d 37, 47. That case was decided on Massachusetts' borrowing statute of limitations. The suit was originally commenced in Oklahoma and the Massachusetts District Court held that the Oklahoma statute of limitations applied in Massachusetts for the reason that "Massachusetts also has a borrowing statute of limitations." This case is not authority for plaintiffs' position in the present case.

Another Massachusetts case cited is Caldwell v. Harding, C.C.D.Mass., 4 Fed. Cas., page 1036, No. 2,302. That case was decided on the Massachusetts statute of limitations which provided in substance that a new action could be commenced within one year after the termination of an original suit in case of "mistake in the former proceeding." The Massachusetts statute is different from the Tennessee statute and the question of mistake is not involved in the present suits.

Another case is that of Stanley v. Bird, D.C.Ky.1949, 85 F.Supp. 358, 359. Under the Kentucky statute the action for personal injuries sustained in Illinois was governed by the limitation laws of

Illinois. It was expressly provided in the quoted language of the Kentucky statute, "When a cause of action has arisen in another state or country, and by the laws of the state or country where the cause of action accrued the time of the commencement of an action thereon is limited to a shorter period of time * * by the laws of this state for a like cause of action, then said action shall be barred in this state at the expiration of said shorter period." KRS 413.320. The District Judge held that because of this statute the Illinois statute of limitations applied. No Tennessee statute has been cited similar to the above quoted Kentucky statute.

Another case cited by plaintiffs is that of McCrary v. United States Fidelity & Guaranty Co., D.C.S.C.1953, 110 F.Supp. 545. This was a suit on a surety bond, guaranteeing payment and performance on a South Carolina contract. The Court in that case applied the Arkansas one-year statute of limitations, apparently on the theory that the South Carolina law applied to statute of limitations in foreign states.

Plaintiffs insist that the New York courts have concluded that the New York statute applies to suits instituted in other states. In support of this insistence the cases of De Luca v. Atlantic Refining Co., 2 Cir., 176 F.2d 421 and Baker v. Cohn, 1943, 266 App.Div. 236, 41 N.Y.S. 2d 765, are cited.

We have not had access to the opinion in the Baker v. Cohn case but the language of Judge Hand in the De Luca case indicates considerable doubt as to whether the New York statute applies to suits instituted in another state.

In answer to plaintiffs' contention that the institution of the suit in Pennsylvania tolled the New York statute of limitations, Judge Hand said:

"There are two answers to this argument. First, § 23 does not cover a case where the first action was dismissed 'for neglect to prosecute'; and, second, *if it ever covers a case where the first action is in*

*the court of another state,* it does so only if that action has been brought within the time limited for such an action by the law of New York." (Emphasis added.) 176 F.2d 422.

The Tennessee non-suit statute, T.C.A. § 28–106, and previously quoted, is a part of the chapter entitled, "Limitations of Action." The first section of this chapter defines the word "action." T.C.A. § 28–101. The next section provides that the limitation commences from the time a party's right to make demand was completed and not from the date of demand. T.C.A. § 28–102.

The two following sections deal with the accrual of agent's liability to principal and accrual of principal's liability to surety or endorser. T.C.A. §§ 28–103 and 28–104.

The next section provides that suing out of a summons is the commencement of an action. T.C.A. § 28–105.

The other sections deal with persons under disability and the suspension of time limitations by injunction. Also, suspension of limitations during the administration of estates and during the absence from a state, and also suspension during the Civil War. T.C.A. §§ 28–107 to 28–113, inclusive.

Sec. 28–115, which is the final section, states that the provisions of Title 28 shall not apply to actions brought by the State of Tennessee unless otherwise expressly provided.

There is no provision in any of the foregoing statutes of limitations for the application of a foreign non-suit or saving statute except Sec. 28–114 which has been previously quoted. This section provides that the action shall be barred in Tennessee if barred in the state where the wrong was committed.

It is obvious that the words, *"If the action is commenced within the time limited by a rule or statute of limitation * * *"* contained in Sec. 28–106, have reference to actions commenced in Tennessee courts only. If

the Legislature had intended to include actions commenced in foreign states, it could have easily said so, as was said by the Kentucky Legislature. The fact that this section is a part of the chapter containing Tennessee's general provisions of statutes of limitation buttresses this conclusion. The general rule is that the commencement of an action in one state does not toll the statute of limitations in another state, unless the applicable statute so provides. 54 C.J.S., Limitations of Actions, § 299, p. 367; Overfield v. Pennroad Corp., 3 Cir., 146 F.2d 889, 898.

Although the first Tennessee non-suit or saving statute appears to have been in existence as early as 1715 and has continued with modifications to the present time, diligent counsel have not been able to cite any Tennessee decision holding that suits in foreign states toll the one-year Tennessee statute of limitations. Nor, has an extended independent investigation revealed such a holding. The case that comes closer to dealing with the point is that of Shelton v. Johnson, 36 Tenn. 672, decided in 1857. The Court held in that case that a suit in Virginia was not lis pendens of the subject matter in Tennessee. The Chancellor in that case sustained a demurrer to the action upon the ground that;

"The pendency of the litigation in the State of Virginia, mentioned in the bill, was no notice to the defendants of complainants' rights, nor of such litigation, and consequently that the complainants' claim to the Negroes in controversy has been long since barred by the statute of limitations."

The Supreme Court in affirming the Chancellor said in part:

"It is a very strong and forced presumption to make, in most cases, within the same State, that all its citizens have knowledge or notice of all the suits that may be pending in all the courts of record in the State. But though we know it is the presumption of an impossibility, yet the urgent policy of the rule has forced its adoption. But it would be an absurd and unreasonable extension of it to make it apply to every court in the Union. This would shock the common sense of mankind, and bring odium upon the whole doctrine. The phrase thrown out in the books, in laying down the rule that (683) 'lis pendens is notice to all the world,' must be limited in its construction to all persons within the jurisdiction or State where the suit was pending. It can not be carried further upon correct principles or reason, and there is no authority on the question to control us."

We come now to plaintiffs' third and last contention, namely, that the death of defendant's Tennessee statutory agent for service of process which occurred less than one year from the date of the accident tolled the statute of limitations.

T.C.A. § 48–904 provides for the domestication of foreign corporations doing business in Tennessee by paying filing fee of $300 and the designation of a process agent.

T.C.A. § 48–910 provides that in case service cannot be had on the process agent, "for any reason whatever," then process may be served on the Secretary of State.

T.C.A. § 48–918 provides that the foreign domestication statutes of foreign corporations carrying on business in Tennessee shall not apply to corporations engaged exclusively in interstate commerce.

T.C.A. § 48–919 provides that corporations engaged exclusively in interstate commerce shall be required to designate an agent for service of process and pay a fee of $20, and "such foreign corporations shall be subject to process in all actions and suits against them as provided in §§ 48–901—48–912."

T.C.A. § 48–901 provides for the admission of foreign corporations under

the conditions set forth in the chapter dealing with foreign corporations.

T.C.A. § 48–912 provides that:

"The venue of all actions, suits or proceedings in case of service of process upon such designated agent, or, in lieu, upon the secretary of state, may be in the county in which the cause of action arose or accrued; or, in the county where the one to be served resides and the process is so served, except where the action is local in nature. In event of service on the secretary of state, he shall pursue the method prescribed by §§ 48–910—48–912. In actions, suits or proceedings against foreign corporations otherwise maintaining an office or agent in the state, venue shall be as this Code provides."

Sections 48–901, 48–910, 48–912 and 48–919 should be construed together as they deal with the same general subject and are part of the same chapter dealing with foreign corporations and the appointment of process agents.

T.C.A. § 48–910 states that, "In case service of process may not be had, for any reason whatever, upon the agent designated therefor by the corporation * * * then process in actions or suits against such foreign corporations may be served upon the *secretary of state* * * *." This language when read in conjunction with the language in Sec. 48–919, the section dealing specifically with foreign corporations engaged in interstate commerce, authorized plaintiffs to serve process upon the Secretary of State upon the death of defendant's process agent, Mr. Bryan.

It is the conclusion of the Court that (1) the one-year saving statute of North Carolina did not toll the statute of Tennessee; (2) that the Tennessee non-suit statute providing for the re-institution of actions one year after non-suit does not apply to suits instituted in North Carolina, and (3) that the death of Mr. Bryan did not toll the one-year statute of limitations of Tennessee within the meaning of T.C.A. § 28–112 because service of process could have been had upon the defendant through the Secretary of State of Tennessee under the Tennessee statutes heretofore mentioned.

These conclusions have been reached with reluctance for the reason that plaintiffs are residents of Tennessee and it has been represented to the Court by counsel that their witnesses live in and near Knoxville. It is a matter of some consolation that the suits are not barred in the State of North Carolina where trials may be had on the merits as that state has a three-year statute of limitations in personal injury actions.

Let an order be presented sustaining the motions to dismiss without prejudice on the merits.