Antoine Wadieh ELIAS, Rose Elias, Carol Marie Elias, b/n/f Antoine Wadieh Elias, Claudette Pauline Elias, b/n/f Antoine Wadieh Elias, Fahima Abdel Messih Safar and Louis Tazbazian, Plaintiffs-Appellees,

v.

A & C DISTRIBUTING COMPANY, INC., and Gerett Lee Johnson, Defendants-Appellants.

Court of Appeals of Tennessee, Middle Section.

June 29, 1979.

Certiorari Denied by Supreme Court Sept. 4, 1979.

Joe P. Binkley, Jr., Richardson R. Lynn and John D. Kitch, Nashville, Gerald M. Walanka, Chicago, Ill., for plaintiffs-appellees.

Bernard M. Rosenblum, Levine & Rosenblum, Nashville, for defendants-appellants.

## OPINION

SHRIVER, Presiding Judge.

Counsel for defendants-appellants makes a clear and succinct statement of the case, which statement is adopted and agreed to by counsel for the appellees. Said statement is as follows:

"This is a discretionary appeal, pursuant to T.C.A. § 27–305, from an interlocutory order of the Circuit Court for Davidson County, denying defendants' motion to dismiss the action. Honorable Robert Lillard, Trial Judge, has certified to this Court that he is of the opinion that his order denying defendants' motion to dismiss involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from his order may materially advance the ultimate termination of this litigation.

The only pleadings filed thus far in this action are plaintiffs' complaint and defendants' motion to dismiss. For the purposes of determining the motion to dismiss presented to the Trial Court, the parties stipulated certain facts incorporated in an agreed order made part of the technical record.

The complaint in the instant case purports to state a cause of action based

upon an automobile accident which occurred in Nashville, Tennessee on May 21, 1976. The complaint was filed April 17, 1978.

Defendants moved to dismiss the complaint as to all of the adult plaintiffs on the ground that the claim stated in the complaint accrued more than one year before commencement of this action and is therefore barred by the provisions of T.C.A. § 28–304, the Statute of Limitations. Although not averred in the complaint, plaintiffs resisted the motion to dismiss by asserting the Tennessee "saving statute," T.C.A. § 28–106, plaintiffs having originally filed this action in the state courts of Illinois, and the action having been dismissed without prejudice.

The controlling question of law certified to this Court is whether the commencement of an action in a foreign state court tolls the running of the Tennessee Statute of Limitations against an action for the same cause and between the same parties subsequently filed in Tennessee, when Tennessee is both the forum state and the state where the cause of action arose.

It is appellants' contention that T.C.A. § 28–106 applies only to actions commenced in a Court within Tennessee."

—Stipulation—

For the purpose of determining defendants' motion to dismiss, the parties stipulated the following facts:

"AGREED ORDER

"It appearing to the Court as evidenced by signatures of counsel for the parties hereto that, for the purposes of determining the Motion presently before the Court to dismiss the plaintiff's Complaint, the parties have agreed, and

IT IS, THEREFORE, ORDERED ADJUDGED, AND DECREED that the following facts have occurred and are to become a part of the record herein for all purposes necessary:

1. The plaintiffs are citizens and residents of Chicago, Cook County, Illinois with the exception of plaintiff Louis Tazbazian who is a citizen and resident of Montreal, Canada.

2. The defendants are citizens and residents of Tennessee.

3. The automobile accident out of which this claim arises occurred in Nashville, Tennessee.

4. May 21, 1976—Date of accident.

5. May 12, 1977—Summons and complaint were filed in the Circuit Court of Cook County, Illinois.

6. June 13, 1977—Upon motion of defendant, order of the Circuit Court of Cook County, Illinois was entered dismissing the plaintiffs' complaint for lack of jurisdiction.

7. July 20, 1977—Order vacating the order of June 13, 1977, and providing the same language of dismissal but with the addition 'with prejudice'.

8. August 19, 1977—Third order affirming the original dismissal order on June 13, 1977, but changing the language to state 'with prejudice solely on the issue of Illinois jurisdiction . . .'

9. April 17, 1978—Summons and complaint filed in the Circuit Court for Davidson County, Tennessee, and assigned to the First Circuit Court.

/s/Robert E. Lillard JUDGE

APPROVED FOR ENTRY:

/s/ Joe P. Binkley, Jr.

Attorney for Plaintiffs

/s/ Gerald M. Walanka

Attorney for Plaintiffs (Signed by JPBJr. with permission)

/s/ Bernard M. Rosenblum

Attorney for Defendants"

The original complaint herein was filed April 17, 1978 and purports to state a cause of action for personal injuries resulting from an automobile accident which occurred in Nashville, Tennessee on May 21, 1976. Thus it is seen that the complaint was filed almost two years after the accident in which the injuries are alleged to have occurred.

Defendants-appellants filed their Motion to Dismiss on May 10, 1978, which is as follows:

"MOTION TO DISMISS—STATUTE OF LIMITATIONS DEFENSE

Come now the defendants and move the Court to dismiss the actions filed on behalf of ANTOINE WADIEH ELIAS, ROSE ELIAS, FAHIMA ABDEL MESSIH· SAFAR and LOUIS TAZBAZIAN (all plaintiffs with the exception of the two minors) on the ground that it is apparent from the complaint that the claims stated in the complaint on behalf of the above listed plaintiffs accrued more than one year before commencement of this action and are therefore barred by the provisions of T.C.A. § 28–304.

As set out in Paragraph One of the complaint, it is alleged that the cause of action of the plaintiffs accrued on or about May 21, 1976. The filing of the complaint in commencement of this action was made on April 17, 1978.

/s/ Bernard M. Rosenblum
Levine & Rosenblum
18th Floor, Life &
Casualty Tower
Nashville, Tenn. 37219
Attorneys for Defendants"

Plaintiffs-appellees seek to avoid the bar of the Tennessee Statute of Limitations by asserting the "Tennessee Saving Statute," T.C.A. § 28–106.

Section 28–304, T.C.A., *Personal tort actions,* provides that "[a]ctions . . . for injuries to the person . . . shall be commenced within one (1) year after cause of action accrued."

Section 28–106, T.C.A., *New action after adverse decision not foreclosing merits,* provides:

"If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action . . . the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest."

In *Moran v. Weinberger,* 149 Tenn. 537, 260 S.W. 966 (1923), it was said that this statute is remedial and is to be liberally construed, but protection against laches, negligence, or other fault of the plaintiff was no part of its purpose.

—Assignments of Error—

There are two assignments, as follows:

"I. The Trial Court erred in holding that the Tennessee saving statute, T.C.A. § 28–106, applies to suits instituted in foreign state courts when Tennessee is now the forum state and the state where the cause of action arose.

II. The Trial Court erred in holding that plaintiffs' cause of action is not barred by the Tennessee Statute of Limitations, T.C.A. § 28–304."

It is argued by counsel for appellants that since plaintiffs' complaint shows on its face that the claim sued on is barred by the Statute of Limitations, and since appellants have filed a motion to dismiss upon that ground, the burden of proof is upon the plaintiffs to show that their present action falls within the saving statute, citing *Knox County, Tennessee v. Moncier,* 224 Tenn. 361, 455 S.W.2d 153, 158 (1970) and *East Tenn. Coal Co. v. Daniel,* 100 Tenn. 65, 42 S.W. 1062 (1897).

The facts shown by this record, briefly stated, are that the accident out of which this claim arose occurred in Nashville, Tennessee May 21, 1976; that the defendants are residents of Tennessee, while the plaintiffs-appellees are residents of Illinois, with the exception of plaintiff Louis Tazbazian who is a resident of Canada.

Plaintiffs originally commenced this action in the Circuit Court of Cook County, Illinois three hundred and fifty-six days after the date of the accident, which suit in the Illinois Court was dismissed for lack of jurisdiction on June 13, 1977.

On April 17, 1978, twenty-three months after the accident, plaintiffs-appellees filed the complaint in the instant case in the Circuit Court of Davidson County, Tennessee.

■ It is asserted by appellants, and we concur in the conclusion, that the place where the tortious conduct of the defendants is alleged to have been committed is now the forum state for judicial determination of the instant case, and the law of Tennessee determines the rights of the parties to this action. Restatement, Conflict of Laws, § 378; *Telecommunications, etc. v. Southern Tel. Supply Co.*, 518 F.2d 392 (6th Cir. 1975); *Winters v. Maxey*, 481 S.W.2d 755 (Tenn.1972), wherein it was held as follows:

Absent public policy to the contrary, the law of the state in which the tort occurs controls.

If the law of jurisdiction in which the tort occurred is against good morals or natural justice, or for some other reason, its enforcement would be prejudicial to the general interests of the state's citizens, such law would not be controlling in an action which is brought in the state and which arises out of tort.

■ On the question whether the commencement of an action in a foreign state tolls the running of the Tennessee Statute of Limitations against an action for the same cause and between the same parties subsequently filed in Tennessee, numerous authorities have been cited by counsel for both appellants and appellees and it definitely appears that the majority rule as announced in decisions of the courts of numerous other jurisdictions is that an action in a foreign state does not toll the running of the Statute of Limitations in the state where the cause of action arose.

It is pointed out that there is no reported decision of the Appellate Courts of Tennessee which is addressed to the specific issue presented in this case, except perhaps the old case of *Shelton v. Johnson*, decided in 1857 and reported in 36 Tenn. 672, wherein our Supreme Court held that a suit in Virginia was not lis pendens of the subject matter in Tennessee and that plaintiff's claim was barred by the Tennessee Statute of Limitations. The Court stated as follows:

"It is a very strong and forced presumption to make, in most cases, within the same State, that all its citizens have knowledge or notice of all the suits that may be pending in all the Courts of record in the State. But though we know it is the presumption of an impossibility, yet the urgent policy of the rule has forced its adoption. But it would be an absurd and unreasonable extension of it to make it apply to every court in the Union. This would shock the common sense of mankind, and bring odium upon the whole doctrine. The phrase thrown out in the books, laying down the rule that 'lis pendens is notice to all the world,' must be limited in its construction to all persons within the jurisdiction or State where the suit was pending. It cannot be carried further upon correct principles or reason, and there is no authority on the question to control us."

While the decisions of Federal District Courts are not binding authority upon this Court and other State Courts in Tennessee, yet from time to time we find the reasoning in the decisions of a Federal District Court to be useful and persuasive.

In *Sigler v. Youngblood Truck Lines*, 149 F.Supp. 61 (D.C.1957), the United States District Court for the Eastern District of Tennessee definitively held that under Tennessee law, the words, "If the action is commenced within the time limited by a rule or statute of limitation," contained in the Tennessee Savings Statute (§ 28–106, T.C.A.), have reference to actions commenced in Tennessee Courts only, and that commencement of an action in a state other than Tennessee does not toll the Statute of Limitations in this State. In that case the Court stated: inter alia, as follows:

"It is obvious that the words, 'If the action is commenced within the time limited by a rule or statute of limitations * * *' contained in Sec. 28–106, have reference to actions commenced in Tennessee courts only. If the Legislature had intended to include actions commenced in foreign states, it could have easily said so, as was said by the Kentucky Legislature. The fact that this section is a part of the chapter containing

Tennessee's general provisions of statutes of limitation buttresses this conclusion. The general rule is that the commencement of an action in one state does not toll the statute of limitations in another state, unless the applicable statute so provides." [p. 66–67]

We find that the general rule, as stated in *Corpus Juris* and *American Jurisprudence*, is as follows:

"A statute permitting a new action to be instituted after failure of the original action has been held inapplicable where the original action was instituted in another state. 54 C.J.S. § 288–c

"The commencement of an action in one state does not toll the running of limitations against an action for the same cause and between the same parties in another state. 54 C.J.S. § 299

"As a general rule, the commencement of an action in one state does not toll the running of limitations on the same cause of action in another state. 51 Am.Jur.2d § 201.

"Where the action is regarded as controlled by the statute of limitations of the forum, it has usually been held that a plaintiff invoking the savings statute of the forum may not rely upon a nonsuit in an earlier action brought in another state." 51 Am.Jur.2d § 306.

We are impressed that the decisions cited in the brief of counsel for appellees, while pertinent and persuasive, do not alter the proposition that the vast majority of the courts of last resort in other jurisdictions have held that suits in a foreign state do not toll the Statute of Limitations in the state of original jurisdiction unless the statute of that state specifically so provides.

It is pointed out by counsel for appellants that the following States adhere to the general rule that the commencement of an action in one state does not toll the running of the Statute of Limitations against an action for the same cause and between the same parties brought in another state, those States being: Kansas, Mississippi, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Texas, Wyoming, and West Virginia.

While we have not made an exhaustive review of the authorities, we are impressed that the argument of counsel for appellants is reasonably accurate that the remaining states other than those above listed here have not addressed the specific issue involved in the instant case or have savings statutes differing from the Tennessee statute involved herein and that some of those states have addressed the issue of the interpretation of their savings statute only in the context of cases in which the cause of action arose in a foreign state, thereby necessitating the importation of law foreign to the forum, under the conflict of laws principles.

It is with these distinctions that we find the cases recited and relied on by counsel for appellees to be distinguishable and, thus, not binding or conclusive on the Courts of Tennessee.

For reasons indicated, we are of opinion that Tennessee adheres or should adhere to the majority rule and that the assignments should be sustained.

It results that the judgment of the Trial Court is reversed and the plaintiffs' cause of action is dismissed as having been barred by the Statute of Limitations of Tennessee.

REVERSED AND DISMISSED.

DROWOTA and LEWIS, JJ., concur.