# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**September 17, 1999**
**Cecil Crowson, Jr.**
**Appellate Court Clerk**

CAROLYN REQUE and PAUL REQUE      )

    Plaintiffs/Appellants,      )    No. 01A01-9903-CV-00175

      )

vs.      )    Appeal As Of Right From The

      )    FRANKLIN COUNTY

      )    CIRCUIT COURT

MONTEAGLE TRUCK PLAZA, INC.,      )

JIMMY STILES, AND      )

NETWORK HEALTH PLAN,      )

      )

    Defendants/Appellees      )    HON. JEFFREY F. STEWART

**For the Appellants:**

ANDREW L. BERKE
Berke, Berke & Berke
Chattanooga, Tennessee

**For the Appellees:**

RANDOLPH A. VEAZEY
JAMES R. TOMKINS
Glasgow & Veazey
Nashville, Tennessee

AFFIRMED AND REMANDED                       Swiney, J.

## OPINION

This is an appeal from the final judgment of the Circuit Court of Franklin County, Chancellor Jeffrey F. Stewart sitting by interchange, granting defendants'/appellees' motion to dismiss for failure of the plaintiffs/appellants to timely file their tort claims within the one-year statute of limitations, Tenn. Code Ann. § 28-3-104. The Trial Court rejected plaintiffs' argument that Tenn. Code Ann. § 28-1-105,[1] one of the Tennessee "saving statutes," preserved their cause of action first

---

[1]Tenn. Code Ann. § 28-1-105. New action after adverse decision - Contractual limitations periods.

(a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be,

filed in a Wisconsin state court, dismissed by the Wisconsin state court for lack of jurisdiction over the defendants after the Tennessee statute of limitations had expired, and then filed in Tennessee. The issue raised by plaintiffs is whether Tenn. Code Ann. § 28-1-105 operates to save a cause of action first brought in a foreign state court, dismissed for lack of jurisdiction, and subsequently filed in a Tennessee court within one year of the dismissal, but outside the one-year statute of limitations of Tenn. Code Ann. § 28-3-104. For the reasons herein stated, we affirm the Trial Court's dismissal of the plaintiffs' complaint.

### FACTS

The plaintiffs, Wisconsin residents, on June 15, 1997 took their motorhome to a truck stop in Franklin County, Tennessee to have repairs performed. While the motorhome was on the property of defendant Monteagle Truck Plaza, Inc. ("Monteagle"), Ms. Reque entered the vehicle and began to change clothes in a rear compartment. During this time an employee of Monteagle, defendant Jimmy Stiles, moved the motorhome, which allegedly caused Ms. Reque to fall inside the vehicle and sustain personal injuries. The claims of Mr. Reque are derivative thereof.

On June 9, 1998, plaintiffs filed suit for damages relating to the above-referenced personal injuries in the Circuit Court for Outagamie County, Wisconsin just six days before the one-year anniversary of the incident at issue. On September 2, 1998, the Wisconsin Trial Court dismissed the cause of action for lack of personal jurisdiction over the defendants.

On October 2, 1998 plaintiffs filed suit for the same injuries in the Circuit Court for Franklin County, Tennessee. By Order filed December 21, 1998, Chancellor Stewart held that the plaintiffs' claims were barred by the one year statute of limitations and dismissed the plaintiffs' suit, over the

---

may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

  (b)  In the case of a contract which limits the time within which an action arising out of such contract must be brought, if such action is commenced within the time as limited by the contract but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives or successors, as the case may be, may, from time to time, commence a new action within one (1) year after the nonsuit, dismissal without prejudice, reversal or arrest.

2

assertion by plaintiffs that the Tennessee savings statute, Tenn.Code Ann. § 28-1-105, preserved their right to bring the action in the Tennessee court. Plaintiffs then appealed to this Court.

## DISCUSSION

Our standard of review on appeal from a trial court's grant of a motion to dismiss is **de novo**, with no presumption of correctness as to the trial court's legal conclusions, and all allegations of fact in the complaint below are taken as true. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997). There is no dispute concerning the facts material to the Trial Court's holding.

In support of their motion to dismiss, defendants cited to the Trial Court the cases of *Elias v. A & C Distributing Company, Inc.*, 588 S.W.2d 768 (Tenn. App. 1979), *Sigler v. Youngblood Truck Lines*, 149 F.Supp. 61 (D.C. Tenn. 1957) and *Graham v. Ferguson*, 593 F.2d 764 (6th Cir. 1979). The Trial Court found, and we agree, that the holding in *Elias* controls under the facts of this case.

An abbreviated statement of the facts in *Elias* shows the underlying cause as an automobile accident in Davidson County, Tennessee on May 21, 1976; plaintiffs, residents of Illinois and Canada, filed suit against the defendants, Tennessee residents, in the Circuit Court of Cook County, Illinois on May 12, 1977; the complaint was dismissed by a final Order for lack of jurisdiction on August 19, 1977; and suit was filed in the Circuit Court for Davidson County, Tennessee on April 17, 1978. *Elias*, 588 S.W.2d at 769.

It was upon this procedural history that the defendants in *Elias* moved the Trial Court to dismiss for plaintiffs' failure to bring suit within the one-year statute of limitations for personal injury actions. The Davidson County Trial Court denied the motion, finding that Tenn. Code Ann. § 28-106, the saving statute then in effect, applied to the original cause of action filed in Illinois, and allowed the claims to survive the statute of limitations. On interlocutory appeal, the Middle Section of this Court reversed the ruling of the Trial Court, and dismissed the plaintiffs' cause of action.

The Court of Appeals found that under these facts as stated above, Tennessee law determined the respective rights of the parties. *Elias*, 588 S.W.2d at 771. After analyzing the meager Tennessee authorities on the issue, the Court of Appeals quoted an opinion of the United States District Court for the Eastern District of Tennessee as providing "useful and persuasive" reasoning on statutory

3

construction of the saving statute and its relationship to foreign-filed causes of action. *Id.*, citing *Sigler v. Youngblood Truck Lines*, 149 F.Supp. 61 (D.C. Tenn. 1957).

The District Court in *Sigler* as relied upon by the Court of Appeals in *Elias*, held that the Tennessee Saving Statute (§ 28-106) applied "'. . . to actions commenced in Tennessee Courts only, and that commencement of an action in a state other than Tennessee does not toll the Statute of Limitations in this State.'" *Sigler* at 771.

This Court in *Elias* then reached out to secondary authorities to further support the rule that ". . . suits in a foreign state do not toll the Statute of Limitations in the state of original jurisdiction unless the statute of that state specifically so provides," and that the Tennessee statute does not so provide. *Id.* at 772. The Tennessee Supreme Court denied certiorari by Order of September 4, 1979, as did the United States Supreme Court, 444 U.S. 1075, 100 S.Ct. 1022, 62 L.Ed.2d 757 (U.S. Tenn. Feb. 19, 1980). The Tennessee statute, Tenn. Code Ann. § 28-1-105, still does not specifically so provide.

To ascertain the general rule regarding application of the saving statute of one state to a cause of action first filed in another state, the Court in *Elias* consulted *Corpus Juris* and *American Jurisprudence*. While the parties have not chosen to cite to the updated information contained therein, this Court will do so. In *American Jurisprudence*, the section discussing application of the saving statute of one state when a suit was first filed in the state court of another state has not been changed since the *Elias* decision. Thus, the general rule appears to remain, "[w]here the action is regarded as controlled by the statute of limitations of the forum, it has usually been held that a plaintiff invoking the savings statute of the forum may not rely upon a nonsuit in an earlier action brought in another state." 51 Am.Jur.2d *Limitation of Actions* § 306, Original action filed in another state (1970 & Supp. 1999).

More support for plaintiffs' argument is found in the revised wording of *Corpus Juris* on the subject. "It has been held both that a savings statute does [ ] and does not [ ] apply to an action first commenced in another state." 54 C.J.S. *Limitations of Actions* § 243 (former section 288c)(1987 and Supp. 1999). The cases cited as supporting application of saving statutes to foreign-filed actions are distinguished as federal courts decisions on an issue of first impression where there was no relevant

4

state court decision. *Prince v. Leesona Corporation, Inc.*, 720 F.2d 1166, 1168 (10th Cir. 1983)(interpreting Kansas law)("Absent compelling precedent from a state, we see no reason . . . [for] holding such a statute inapplicable to actions originally filed in sister states" at 1169); *Allen v. Greyhound Lines, Inc.*, 656 F.2d 418, 419 (9th Cir. 1981)(interpreting Montana law by applying California court rulings on California law). Although both federal courts applied reasoning along the lines of the argument of the plaintiffs for extending coverage of the relevant saving statutes, the difference is that Tennessee has established "compelling precedent" in the *Elias* decision.

The decisions cited in *Corpus Juris* as declining application of saving statutes to foreign-filed actions are a federal court citing, *inter alia*, *Graham v. Ferguson*, 593 F.2d 764 (6th Cir. 1979)(applying the *Sigler v. Youngblood Truck Lines* interpretation of the Tennessee saving statute), in "following the majority of states which have addressed the issue,"[2] and the Oklahoma Supreme Court ruling that the Oklahoma saving statute term "[i]f any action be commenced within due time" only applied to actions originally commenced in an Oklahoma forum.[3] The general rule remains as it was when addressed in *Elias*, "that suits in a foreign state do not toll the Statute of Limitations in the state of original jurisdiction unless the statute of that state specifically so provides." *Elias* at 772.

Plaintiffs urge this Court to extend the application of Tenn. Code Ann. § 28-1-105 to suits filed in foreign states by ignoring the compelling precedent of what plaintiffs refer to as the "anomalous decision" of *Elias*. The cases cited by plaintiffs in an unpersuasive attempt to establish such anomalistic character of the *Elias* decision are all distinguished as addressing the application of Tenn. Code Ann. § 28-1-105 and its predecessor statutes to causes of action originally filed in Tennessee courts, without a single citation to controlling authority addressing an original cause of action filed in a foreign state court.

The principal authority cited by plaintiffs for overruling the precedent set by *Elias* is *Henley v. Cobb*, 916 S.W.2d 915 (Tenn. 1996). Plaintiffs argue that "the principle issue in this case is . . . notice," asserting that *Henley* supports the proposition that the Tennessee Supreme Court has

---

[2] *King v. Nashua Corp.*, 763 F.2d 332 (8th Cir. 1985).

[3] *Herron v. Miller*, 220 P. 36 (Okla. 1923).

5

"altered the framework under which a court analyzes cases re-filed under the savings statute." Once again, *Henley* is dealing with a cause of action originally commenced in a Tennessee court, nonsuited and then re-filed in a second Tennessee forum. *Henley* at 916. *Henley* is clearly distinguished as analyzing issues when a suit has been commenced in a Tennessee court, but filed in the wrong county.

Notice of a suit filed in Wisconsin, or any of the other several states, in no way commences a civil cause of action under T.R.Civ.P. Rule 3 so as to invoke the privileges of Tenn. Code Ann. § 28-1-105 to "save" a cause of action from the bar imposed by Tenn. Code Ann. § 28-3-104. "It is obvious that the words, 'If the action is commenced within the time limited by a rule or statute of limitations * * *' . . . have reference to actions commenced in Tennessee courts only." *Elias* at 771, quoting *Sigler v. Youngblood Truck Lines*, 149 F.Supp. at 66. Because plaintiffs did not commence a cause of action in a Tennessee or federal court until October 2, 1998 when suit was brought in the Circuit Court for Franklin County, Tennessee, the statutory bar under Tenn. Code Ann. § 28-3-104 controls.

Public policy, as evidenced by the actions of the Tennessee legislature, does not support extension of Tenn. Code Ann. § 28-1-105 to a cause of action first filed in the courts of another state and subsequently dismissed for non-dispositive reasons. The *Elias* decision had been the law of Tennessee for five years when the legislature enacted Tenn. Code Ann. § 28-1-115,[4] a "saving statute" that applies to suits first filed in federal court either in Tennessee or a foreign state. See *Watson v. Funtown, Inc.*, No. 01A01-9110-CV-00387, 1992 WL 63417 (Tenn. App. M.S. at Nashville April 1, 1992).

Application of plaintiffs' position on this issue would make Tenn. Code Ann. § 28-1-115 unnecessary as plaintiffs argue that Tenn. Code Ann. § 28-1-105 applies as long as the law suit is first filed in any court within the applicable statute of limitations. The Tennessee Legislature did not agree with this position, and felt it necessary to enact Tenn. Code Ann. § 28-1-115, so as to apply

---

[4] Tenn. Code Ann. § 28-1-115. Dismissed federal court actions.
  Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one (1) year from the date of such dismissal to timely file such action in an appropriate state court.

a saving statute to suits first filed in any federal court.

The legislature declined to address the reasoning of <u>Sigler v. Youngblood Truck Lines</u> as adopted by <u>Elias v. A & C Distributing Company, Inc.</u> at that time, or when Tenn. Code Ann. § 28-1-105 was revised in 1985 and 1989. The 1985 revision specifically addressed a jurisdictional issue, while the 1989 amendment incorporated contractual limitation periods into the statute. The Tennessee Legislature has had both the power and the opportunity to revise Tenn. Code Ann. § 28-1-105 to make it applicable to a suit first filed in a state court of a state other than Tennessee. What the Tennessee Legislature has not had is the inclination to make this revision. As the Tennessee legislature has declined these opportunities to supersede the ruling of this Court in <u>Elias</u> by legislative enactment, it remains the law of Tennessee.

### CONCLUSION

The Trial Court did not err in declining to apply Tenn. Code Ann. § 28-1-105 under the facts of this case in sustaining the defendants' motion to dismiss for failure of the plaintiffs to timely file their cause of action under Tenn. Code Ann. § 28-3-104. The judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be required, consistent with this Opinion, and for collection of the costs below. Costs on appeal are adjudged against the appellant.

_____
D. MICHAEL SWINEY, J.

**CONCUR:**


_____
HOUSTON M. GODDARD, P.J.

7

_____
HERSCHEL P. FRANKS, J.